# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
### (Davenport Division)

| | |
|---|---|
| **MICHAEL OWINGS,** **Plaintiff,** vs. **JOHN ZANE, in his Individual Capacity as a Sheriff's Deputy for Van Buren County, Iowa, JOHN DOES I through IV, in their Individual Capacities as Sheriff's Deputies for Van Buren County, Iowa,** **Defendants.** | Case No. **COMPLAINT** **(Jury Demand)** |

**NOW COMES**, the Plaintiff, Michael Owings, by and through his undersigned counsel, and for his causes of action, respectfully states the following:

## PARTIES

1. Plaintiff Michael Owings is an individual residing in Douds, Van Buren County, Iowa and was at all times material to the events complained of herein.

2. Defendant John Zane (hereinafter "Defendant Zane") is believed to be a citizen and resident of the State of Iowa, and was employed as a law enforcement officer with the Van Buren County Sheriff's Department at all times relevant to the events complained of herein.

3. Defendant John Does One through Four (hereinafter "Defendant Does I-IV") are currently unknown defendants but are reasonably believed to be citizens and residents of the State of Iowa employed as law enforcement officers with the Van Buren County Sheriff's Department at all times relevant to the events complained of herein.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

5. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events and acts or omissions alleged herein occurred in Van Buren County, Iowa, located in the Davenport Division of the Southern District of Iowa.

## FACTUAL BACKGROUND

6. All events complained of herein occurred in Van Buren County, Iowa.

7. At times material hereto, Plaintiff resided on the property located at 12021 Heather Avenue, Douds, Iowa.

8. Plaintiff's residence consists of a single-story beige trailer and detached garage.

9. At times material hereto, Plaintiff's numerical address of "12021" was conspicuously displayed on a mailbox, situated along the roadside of Heather Avenue, opposite his property.

10. At times material hereto, a horizontal reflective blue 911 sign bearing the address of "12021" was also clearly displayed on the roadside of Heather Avenue on Plaintiff's property. Furthermore, Plaintiff erected a "NO TRESPASSING" sign just below the aforementioned 911 sign.

11. At times material hereto, Plaintiff had a posted sign stating, "THE OWINGS" on his home, to the right of his front door.

12. At times material hereto, Gary Shelley resided on the property located at 11733 Heather Avenue, Douds, Iowa.

13. Mr. Shelley's residence consisted of a two-story white house.

14. Upon information and belief, Mr. Shelley's residence had clearly displayed signs identifying his address as 11733 Heather Avenue including, but not necessarily limited to, a horizontal reflective blue 911 sign at times relevant to this action.

15. On or about June 26, 2017, Defendant Zane initiated a traffic stop of Ms. Rylee Proper in Van Buren County, Iowa.

16. During the stop, Defendant Zane suspected Ms. Proper had recently used illegal drugs and began to question her about her usage.

17. Ms. Proper admitted to drug use and subsequently disclosed to Defendant Zane that she had stayed the previous night at the residence of Gary Shelley.

18. Defendant Zane did not request a description of Ms. Shelley's residence from Ms. Proper and concluded the traffic stop within minutes of its initiation.

19. Defendant Zane conducted a criminal background check on Gary Shelley and learned he had a past conviction for possession of marijuana.

20. Defendant Zane conferred with Van Buren Count Attorney Virgina Barchman about the information gathered during the course of the investigation and received approval to proceed with the warrant application process.

21. Defendant Zane obtained driver's license information for Gary Shelley. Defendant Zane learned he resided at 11733 Heather Avenue, Douds, Iowa.

22. Defendant Zane subsequently prepared a search warrant application, endorsement, supporting affidavit, and informant's attachment seeking to conduct a search of Mr. Shelley's residence located at 11733 Heather Avenue, Douds, Iowa.

23. On June 27, 2017, a court issued a search warrant for Gary Shelley and his residence at 11733 Heather Avenue, Douds, Iowa.

24. On June 27, 2017, Defendant Zane, along with Defendant Does I through IV executed a warrantless search of 12021 Heather Avenue, Douds, Iowa.

25. Prior to executing the warrantless search of Plaintiff's residence, Defendants would have driven by at least two address markers clearly establishing the property they were about to enter was 12021 Heather Avenue.

26. Prior to executing the warrantless search of Plaintiff's residence, Defendants would have encountered a sign hung immediately adjacent to the front door announcing the property occupants as "THE OWINGS."

27. Notwithstanding the clearly displayed information establishing the address was not Gary Shelley's residence, Defendants attempted to kick the door in and ultimately cut the locked chain securing the front door of Plaintiff's private residence without a search warrant for his property.

28. After entry, Defendants found no one was present inside Plaintiff's trailer. Defendants conducted an intrusive search of Plaintiff's property.

29. Defendants uncovered several items of evidence during the search establishing that they were not at the correct residence. The indicia Defendants located included prescription pharmaceuticals and banking information. None of these items exhibited identifying information for the suspect of the investigation and search, Gary Shelley. Rather than terminate the search and depart the premises, Defendants consciously disregarded the information and continued searching.

30. Furthermore, Plaintiff's mother and girlfriend arrived at Plaintiff's residence during the search. They spoke with Defendants, notifying them of their relationship to the resident and asked about what was going on.

31. Defendants advised Plaintiff's mother and girlfriend they had a search warrant for "Gary." Plaintiff's mother immediately advised Defendants she did not

know anyone named "Gary" and further repeatedly informed Defendants that Gary did not reside with Plaintiff.

32. Defendants rudely advised Plaintiff's mother and girlfriend that "we own this property" and "it's ours until we are done" and refused to terminate the search and depart the premises.

33. Defendants seized several items and removed them from Plaintiff's property without his permission.

34. At no point did Plaintiff provide consent to Defendants' entry or search his of residence.

35. As a result of the warrantless and unconstitutional search of Plaintiff's property, he endured mental and emotional distress from which he continues to suffer.

36. Defendants caused damage to Plaintiff's residence and property.

## CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983
### VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
*Right to be Free from Unreasonable Searches –*
*Warrantless Entry into Private Residence*
(***Against All Defendants***)

37. Plaintiff repleads paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. Plaintiff brings suit against Defendants in their individual capacities for the purposes of this Section 1983 cause for damages.

39. At all times material hereto, Defendants' actions and/or omissions were made under the color of authority as law enforcement officers for the Van Buren County Sheriff's Department.

40. On or about June 27, 2017, Defendants violated Plaintiff's clearly established constitutional rights by making a warrantless entry into his residence located at 12021 Heather Avenue, Douds, Iowa 52551.

41. Defendants had no probable cause or reasonable suspicion to enter Plaintiff's residence.

42. No exceptions to the warrant requirement existed to justify entry into Plaintiff's residence.

43. Defendants violated Plaintiff's rights guaranteed by the Fourth Amendment to the United States Constitution to be free from unreasonable searches.

44. Defendants demonstrated a deliberate indifference to and/or reckless disregard for Plaintiff's civil and constitutional rights by engaging in a flagrantly illegal entry of his private residence.

45. Defendants actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

46. As a direct and proximate result of Defendants' illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for:

    a. The deprivation of his constitutional rights;

    b. The humiliation, degradation, public ridicule and loss of personal reputation;

    c. All actual and compensatory damages including, but not limited to, property damage, lost wages, past, present, and future pain and suffering and emotional distress;

    d. Punitive damages;

    e. All expenses associated with the prosecution of the instant action including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f. Any other damages allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** the Plaintiff, Michael Owings, prays for Judgment against the aforementioned Defendants as follows:

    a. Actual, compensatory, consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

    b. Plaintiff's costs in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

    c. Punitive damages; and

    d. Such other and further relief as the Court deems just and equitable.

**COUNT II**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983**
**VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
*Right to be Free from Unreasonable Searches –*
*Warrantless Search of Private Residence*
(*Against All Defendants*)

47. Plaintiff repleads paragraphs one (1) through forty-six (46) as if fully set forth herein.

48. Plaintiff brings suit against Defendants in their individual capacities for the purposes of this Section 1983 cause for damages.

49. At all times material hereto, Defendants' actions and/or omissions were made under the color of authority as law enforcement officers for the Van Buren County Sheriff's Department.

50. On or about June 27, 2017, Defendants violated Plaintiff's clearly established constitutional rights by conducting a warrantless search of Plaintiff's residence located at 12021 Heather Avenue, Douds, Iowa 52551.

51. Defendants had no probable cause or reasonable suspicion to search the Plaintiff's residence.

52. No exceptions to the warrant requirement existed to justify a search of Plaintiff's residence.

53. Defendants violated Plaintiff's rights guaranteed by the Fourth Amendment to the United States Constitution to be free from unreasonable searches.

54. Defendants demonstrated a deliberate indifference to and/or reckless disregard for Plaintiff's civil and constitutional rights by engaging in a flagrantly illegal entry of his private residence.

55. Defendants actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

56. As a direct and proximate result of Defendants' illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for:

    a. The deprivation of his constitutional rights;

    b. The humiliation, degradation, public ridicule and loss of personal reputation;

    c. All actual and compensatory damages including, but not limited to, property damage, lost wages, past, present, and future pain and suffering and emotional distress;

    d. Punitive damages;

    e. All expenses associated with the prosecution of the instant action including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest and;

    f. Any other damages allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** the Plaintiff, Michael Owings, prays for Judgment against the aforementioned Defendants as follows:

a.  Actual, compensatory, consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

b.  Plaintiff's costs in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

c.  Punitive damages; and

d.  Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

**NOW COMES,** Plaintiff, Michael Owings, and hereby demand a trial by jury with regard to all counts pled herein.

*Respectfully submitted,*

**PARRISH KRUIDENIER DUNN BOLES GRIBBLE GENTRY BROWN & BERGMANN, L.L.P.**

By: */s/ Brandon Brown*
Brandon Brown    AT0001199
Gina Messamer    AT0011823
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile: (515) 284-1704
E-Mail: bbrown@parrishlaw.com
         gmessamer@parrishlaw.com
**ATTORNEYS FOR PLAINTIFF**